UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK R. MONTERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CV-0118-CVE-SH |
| ) | |
| TULSA AIRPORT IMPROVEMENT TRUST ) | |
| a/k/a T.A.I.T., CITY OF TULSA, and ) | |
| JUDGE TAMMY BRUCE, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On March 27, 2023, plaintiff Frank R. Montero filed a pro se complaint (Dkt. # 1), and a motion to proceed in forma pauperis (Dkt. # 2). The Court addresses plaintiff's complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff's complaint alleges that on November 10, 2022, he "discovered [that] [Tulsa Airport Improvement Trust's ("T.A.I.T.")] board voted to terminated [his] lease" and sought a forcible entry and detainer order

to his leased property. Dkt. # 1, at 6. Plaintiff alleges that defendants T.A.I.T. and the City of Tulsa "have labeled [him] a whistle-blower." Id. Plaintiff's complaint alludes to alleged "EPA violations" concerning the installation of septic tanks at an airport controlled by T.A.I.T., and alleges that the "City of Tulsa and the State of Oklahoma are refusing to stop polluting the water table level and the Arkansas River." Id. Plaintiff claims that defendants T.A.I.T. and the City of Tulsa "seek[] to evict Montero off of [p]ublic [p]roperty[,] pursuing a Forcible Entry and Detainer to take possession of all of Montero's [p]rivate [p]roperty." Id.

Plaintiff's alleged injuries include that the defendants: "sought to bankrupt" him from attorney's fees "in order to hide the crimes of polluting [the] Arkansas River"; "maliciously inflicted extreme emotional distress" by evicting him; and "forced Montero out of his personally owned property" in violation of "49 CFR Part 21 Nondiscrimination in Federally-assisted programs of Dept. of Transportation, Title VI of the Civil Rights Act of 1964 - Title 29, U.S.C., subtitle VII, as amended." Id. at 7. Plaintiff seeks a stay of his eviction from the property in question, as well as a "cease and desist, directed to [Tulsa County Small Claims Court] Judge Tammy Bruce to stay" the forcible entry and detainer. Id.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao,

296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)). Plaintiff filed this action using the court's Complaint for Violation of Civil Rights form, which pro se plaintiffs use to file claims against either state or local officials under 42 U.S.C. § 1983 or federal officials under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and its progeny. Even construing plaintiff's complaint liberally, it does not assert a federal constitutional violation or other violation of federal law. Plaintiff is challenging eviction and forcible entry and detainer orders issued against him by a Tulsa County court. Eviction and foreclosure are generally matters of state law, and the Supreme Court has

expressly rejected the notion that the Constitution provides any substantive landlord-tenant law. Lindsey v. Normet, 405 U.S. 56, 68 (1972). While plaintiff's complaint refers to the Civil Rights Acts of 1964 and 1973 (the latter of which the Court understands plaintiff to mean the Rehabilitation Act of 1973), he fails to allege that he is being evicted for a prohibited reason, such as racial discrimination or any other protected reason, and so the cited statutes are irrelevant to his claim. Plaintiff also mentions due process and equal protection under the Fourteenth Amendment to the United States Constitution; however, from his pleadings, it is not at all apparent how they could apply to his complaint. The facts alleged are clear that plaintiff's claim is nothing more than a landlord-tenant dispute, which is within the province of Oklahoma state law. Plaintiff's suit arises under Oklahoma state law. No federal question appears on the face of plaintiff's complaint, and the federal law cited in the complaint that has nothing to do with the dispute. Plaintiff cannot manufacture federal question jurisdiction simply by making irrelevant references to federal law in the pleading. Therefore, plaintiff's complaint fails to allege facts that the suit arises under federal law, and the Court finds that plaintiff has not stated a federal claim against defendants.

Plaintiff also alludes to the diversity of parties as a basis for jurisdiction, but diversity jurisdiction has not been properly alleged. Even if plaintiff is now a citizen of Pennsylvania and each of the defendants is a citizen of Oklahoma, plaintiff is not seeking damages in excess of $75,000, as is required for diversity jurisdiction under 28 U.S.C. § 1332. Because the facts in the complaint do not allege any constitutional violation or other violation of federal law, nor do they satisfy the requirements for diversity jurisdiction, the Court finds no basis to exercise jurisdiction over this case and it should be dismissed for lack of subject matter jurisdiction. Regardless of

plaintiff's pro se status, the Court cannot permit plaintiff to proceed with the lawsuit when the Court lacks subject matter jurisdiction over his claims.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis (Dkt. # 2) is **moot**.

**DATED** this 31st day of March, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE